F. LEWIS AND OTHERS V. JOHN HEARNE, GUARDIAN.

1. The revenue laws of the United States were suspended in the insurgent States during the rebellion ; and in many if not all instances, the acts of citizens of the insurgent States, done in forced compliance with the authority temporarily dominant therein, must be held valid.

2. A judgment rendered in 1869 in a suit brought in this State in 1863 is not erroneous because no United States revenue stamp was affixed to the petition or other pleading or process in the cause.

APPEAL from Bastrop.   Tried below before the Hon. David Sheeks.

There is no occasion to state the facts of the suit.

*Jones & Sayers*, for the appellants.—We first call the attention of the court to the fourth assignment of error, because we think it disposes of the case.   The suit was brought April 17, 1863.   We grant that the existence of the rebellion dispensed

Opinion of the court.

with the stamp at that time; but certainly, upon the restoration of the United States authority it was incumbent upon the plaintiff, if he desired to maintain his action, to comply with the law requiring the original process to be stamped. Several terms of the court passed prior to the repeal of the law, yet he did not ask that the stamp might be affixed; nor did he in any manner whatever propose to comply with the law. Does the subsequent repeal of the law exculpate? Does the plaintiff occupy any better position than if the suit had been brought after the restoration of the United States authority, and prior to the repeal of the law? Having had ample opportunity to comply with the law, he certainly cannot take advantage of his own wrong, and insist that its subsequent repeal exonerates him from its requirements. It is true that the repeal of criminal statutes, without express provision to the contrary, relieves from punishment. But the rule does not apply to civil statutes; on the contrary, it leaves rights and liabilities under the statute to the date of repeal, as though the statute remained in force; unless there is an express provision to the contrary. The constitutionality of the stamp act, though questioned by very good authority, yet by the current of decisions seems so well established, that we deem it unnecessary to attempt argument or array authorities to sustain it.

*Sheeks & Sneed*, for the appellee.

WALKER, J.—The appellants insist upon the fourth assignment of error as fatal to the judgment of the district court. There must be some defect in the record, else this assignment is not well taken, and if the record showed that the ruling was as claimed by counsel for appellant, it is an historical fact, of which this court must take notice, that on the seventeenth of April, 1863, when this suit was brought, the authority of the United States was suspended by the rebellion in the State of Texas, and their revenue

XXXIV—24

---
Syllabus.
---

laws could not apply; and though, for the time, an insurgent or *de facto* government extended over Texas, the acts of the people, rendered in forced compliance with the dominant authority, in many if not in all instances, must be held valid. (See United States v. Rice, 4 Wheaton; The Grapeshot, 7 and 9 Wallace.)

Again, the violation of the revenue laws of the United States is made *quasi criminal;* and when a criminal statute is repealed, acts committed before its repeal are not to be punished, for there is then no law in existence under which to punish them.

The act requiring United States revenue stamps upon judicial proceedings has been repealed.

The appellant does not show a ground for new trial by his brief, and there being no statement of facts in the record, we are unable to discover that there was any ground for new trial.

The judgment of the district court is affirmed.

Affirmed.